IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRELIN ARMANDO ROMERO, TDCJ #01920910, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-0387 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

Frelin Armando Romero has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1), seeking relief under 28 U.S.C. § 2254 from an aggravated robbery conviction in Montgomery County, Texas. The respondent has filed a Motion for Summary Judgment with Brief in Support ("Respondent's MSJ") (Docket Entry No. 14), along with a copy of the state court records (Docket Entry No. 15). Romero has not filed a response and his time to do so has expired. After considering the pleadings, the state court record, and the applicable law, the court will grant Respondent's MSJ and will dismiss this action for the reasons explained below.

## I. Background

A Montgomery County grand jury returned a two-count indictment against Romero in cause number 12-10-10751-CR, charging him with

aggravated robbery with a deadly weapon, a firearm.[1]  The state subsequently enhanced the indictment for purposes of punishment with allegations that Romero had two prior felony convictions in federal court for illegal reentry into the United States following deportation.[2]

At a jury trial in the 435th District Court for Montgomery County the state presented evidence that Romero and two other individuals robbed a jewelry store in Conroe that was owned by Mitchell Wilkins ("Mr. Wilkins").[3]  Romero pointed a gun in Mr. Wilkins' face during the robbery and a struggle ensued.[4]  Romero fired his weapon twice, missing Mr. Wilkins both times.[5]  Romero then struck Mr. Wilkins multiple times in the face with the firearm, causing Mr. Wilkins to bleed profusely,[6] while Romero's associates held a gun on Mr. Wilkins' elderly mother, Shirley

---

[1]Indictment, Docket Entry No. 15-35, p. 85.  Count one of the indictment accused Romero of robbing Mitchell Wilkins and count two accused Romero of robbing Shirley Mitchell during the same incident.  See id.

[2]Notice of Enhancement, Docket Entry No. 15-5, p. 39; see also Court Reporter's Record, vol. 4, Docket Entry No. 15-14, p. 25 (referencing Romero's previous federal conviction from the Southern District of Texas, Laredo Division, in United States v. Romero, Cause No. 5:02-cr-0571-01).

[3]Court Reporter's Record, vol. 3, Docket Entry No. 15-13, pp. 10-11, 174-76.

[4]Id. at 180-87.

[5]Id. at 185.

[6]Id. at 182-84.

Wilkins, who was working at the jewelry store that day.[7] After dropping his gun during the struggle with Mr. Wilkins, Romero fled the jewelry store and was later found hiding in a nearby field.[8] Mr. Wilkins identified Romero in a photographic line-up and in open court as the man who injured him while robbing his jewelry store at gunpoint.[9] Romero's fingerprints were recovered from the firearm that he left behind at the scene.[10] DNA evidence confirmed that Mr. Wilkins' blood was on the clothing that Romero was wearing when he was arrested.[11] After hearing all of the evidence, the jury found Romero guilty as charged in both counts of the indictment.[12]

During the punishment phase the state presented additional DNA evidence linking Romero to another aggravated robbery of a pawn shop,[13] which was captured on video surveillance.[14] After finding that the enhancement allegations were true, the jury sentenced

_____

[7]Id. at 184-85, 203, 207-08.

[8]Id. at 14, 187. A female co-defendant was also captured and charged in connection with the aggravated robbery. Id. at 11-12. Another male who was involved got away and was never found. Id. at 11.

[9]Id. at 57, 182-83, 195-96.

[10]Id. at 116.

[11]Id. at 12, 31, 156-58.

[12]Court Reporter's Record, vol. 4, Docket Entry No. 15-14, p. 22.

[13]Id. at 30-33, 50-51.

[14]Id. at 74-77.

Romero to 60 years' imprisonment on each count of the indictment,[15] which the trial court imposed to run concurrently.[16]

On direct appeal Romero challenged the admissibility of the photographic line-up that was used to obtain his pretrial identification.[17] An intermediate court of appeals rejected this claim in an unpublished opinion, noting that Romero failed to properly preserve error with respect to that issue. _Romero v. State_, Nos. 09-14-00073-CR, 09-14-00074-CR, 2015 WL 184414, at *1 (Tex. App. — Beaumont Jan. 14, 2015, no pet.).

Romero now seeks a federal writ of habeas corpus to challenge his aggravated robbery conviction under 28 U.S.C. § 2254. He raises the following claims for relief: (1) the trial court violated his right to due process during voir dire by excusing prospective juror #42 without a legitimate reason; (2) he was denied effective assistance of counsel at his trial; and (3) he was denied effective assistance of counsel on appeal.[18] These claims were raised previously on collateral review[19] where they were

---

[15]_Id._ at 119-20.

[16]Judgment of Conviction by Jury (counts one and two), Docket Entry No. 15-35, pp. 86, 90.

[17]Appellant's Brief, Docket Entry No. 15-26, pp. 5-9.

[18]Petition, Docket Entry No. 1, pp. 6-11.

[19]Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07, Docket Entry No. 15-35, pp. 9-25.

rejected by the Texas Court of Criminal Appeals on findings made by the state habeas corpus court.[20] The respondent moves for summary judgment, arguing that Romero is not entitled to relief because his claims are either procedurally barred or without merit under the governing federal habeas corpus standard of review.

## II. Standard of Review

To the extent that the petitioner's claims were adjudicated on the merits in state court, his claims are subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2254(d). Under the AEDPA a federal habeas corpus court may not grant relief unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). Likewise, a court may not grant relief on a claim that presents a question of fact unless the petitioner shows that the state court's denial of relief "was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding." 28 U.S.C. § 2254(d)(2).

For purposes of review under § 2254(d)(1), "'[a] state court's decision is deemed contrary to clearly established federal law if

_____

[20]Action Taken on Writ No. 82,987-02, Docket Entry No. 15-33, p. 1; Findings of Fact and Conclusions of Law ("Findings and Conclusions"), Docket Entry No. 15-35, pp. 78-82.

it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts.'" <u>Matamoros v. Stephens</u>, 783 F.3d 212, 215 (5th Cir. 2015) (citations omitted); <u>see also</u> <u>Williams v. Taylor</u>, 120 S. Ct. 1495, 1519-20 (2002). To constitute an "unreasonable application of" clearly established federal law, a state court's holding "must be objectively unreasonable, not merely wrong; even clear error will not suffice." <u>Woods v. Donald</u>, 135 S. Ct. 1372, 1376 (2015) (quoting <u>White v. Woodall</u>, 134 S. Ct. 1697, 1702 (2014)). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" <u>Id.</u> (quoting <u>Harrington v. Richter</u>, 131 S. Ct. 770, 786-87 (2011)).

The AEDPA "imposes a 'highly deferential standard for evaluating state-court rulings,' . . . [which] 'demands that state-court decisions be given the benefit of the doubt.'" <u>Renico v. Lett</u>, 130 S. Ct. 1855, 1862 (2010) (citations omitted). This standard is intentionally "difficult to meet" because it was meant to bar relitigation of claims already rejected in state proceedings and to preserve federal habeas review as "a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." <u>Richter</u>,

131 S. Ct. at 786 (quoting Jackson v. Virginia, 99 S. Ct. 2781, 2796, n.5 (1979) (Stevens, J., concurring)); see also White, 134 S. Ct. at 1702.

A state court's factual determinations are also entitled to great deference on federal habeas corpus review. Findings of fact are "presumed to be correct" unless the petitioner rebuts those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness extends not only to express factual findings, but also to the state court's implicit findings. See Garcia v. Quarterman, 454 F.3d 441, 444-45 (5th Cir. 2006) (citing Summers v. Dretke, 431 F.3d 861, 876 (5th Cir. 2005); Young v. Dretke, 356 F.3d 616, 629 (5th Cir. 2004)). A federal habeas corpus court "may not characterize these state-court factual determinations as unreasonable 'merely because [it] would have reached a different conclusion in the first instance.'" Brumfield v. Cain, 135 S. Ct. 2269, 2277 (2015) (quoting Wood v. Allen, 130 S. Ct. 841, 849 (2010)). "Instead, § 2254(d)(2) requires that [a federal court] accord the state trial court substantial deference." Id.

## III. **Discussion**

### A. **Error by the Trial Court During Voir Dire**

In his first ground for relief Romero contends that the trial court erred during voir dire by excusing prospective juror #42 for "employment reasons," which is not a legitimate basis to excuse

someone from jury duty.[21] Romero contends, therefore, that he was denied due process and a fair trial by a jury of his peers.[22]

The state habeas corpus court rejected Romero's claim for procedural reasons because it was "based on the record" and could have been raised on direct appeal, but was not.[23] In doing so, the state habeas corpus court relied on <u>Ex parte Richardson</u>, which emphasizes the well-established rule that "'the Great Writ [of habeas corpus] should not be used' to litigate matters 'which should have been raised on appeal[.]'" 201 S.W.3d 712, 713-14 (Tex. Crim. App. 2006) (quoting <u>Ex parte Townsend</u>, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004)).

The respondent argues that Romero's due process claim is precluded by the doctrine of procedural default because the state habeas corpus court based its decision on a state procedural rule that is adequate to bar federal habeas corpus review.[24] <u>See Scheanette v. Quarterman</u>, 482 F.3d 815, 827 (5th Cir. 2007) (recognizing that the Texas rule requiring a petitioner to present any claims based on the trial record on direct appeal, before raising them in a state habeas petition, "is an 'adequate state

---

[21]Petition, Docket Entry No. 1, p. 6.

[22]<u>Id.</u>

[23]Findings and Conclusions, Docket Entry No. 15-35, p. 80 (citing <u>Ex parte Richardson</u>, 201 S.W.3d 712, 713 (Tex. Crim. App. 2006)).

[24]Respondent's MSJ, Docket Entry No. 14, pp. 5-7.

ground capable of barring federal habeas review'") (quoting <u>Busby</u> <u>v. Dretke</u>, 359 F.3d 708, 719 (5th Cir. 2004)); <u>see</u> <u>also</u> <u>Moses v.</u> <u>Davis</u>, 673 F. App'x 364, 367 (5th Cir. 2016) (per curiam) (same). Romero has not filed a response to Respondent's MSJ, and he has not attempted to dispute that this claim is procedurally barred.[25] Because the pleadings do not otherwise show that an exception applies,[26] the court concludes that Romero's claim concerning prospective juror #42 is barred from federal review.

The respondent also argues, in the alternative, that Romero's claim lacks merit because it is factually incorrect and unsupported by the record.[27] The record reflects that defense counsel initially agreed with the state to excuse prospective juror #42, a division president for a home builder, because he was scheduled to fly to California for work.[28] After defense counsel withdrew consent to

---

[25]Romero was ordered to respond within thirty days to any dispositive motion filed by the respondent. <u>See</u> Order, Docket Entry No. 3, pp. 3-4. Romero has not complied as directed.

[26]Where a petitioner has committed a procedural default federal habeas corpus review is available only if he can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) that "failure to consider the claims will result in a fundamental miscarriage of justice." <u>Coleman v. Thompson</u>, 111 S. Ct. 2546, 2565 (1991). The record does not disclose any cause to excuse the default in this instance. Even assuming that Romero could show cause, he cannot demonstrate actual prejudice or show that a fundamental miscarriage of justice will result from his default because Romero's underlying claim is without merit.

[27]Respondent's MSJ, Docket Entry No. 14, p. 7, n.3.

[28]Court Reporter's Record, vol. 2B, Docket Entry No. 15-11, pp. 100-102, 104.

excuse the juror, prospective juror #42 was removed from the panel by the state with a peremptory strike.[29] Thus, prospective juror #42 was not excused by the trial court for reasons related to his employment, as Romero claims. Under these circumstances Romero has not shown that the trial court violated his right to due process during jury selection, and he is not entitled to relief on this issue.

## B.   Ineffective Assistance of Counsel

Romero claims that his trial attorney was constitutionally ineffective for several reasons, which the court has consolidated for analysis, because she failed to do the following: (1) properly object and preserve error when the trial court "sua sponte" excused prospective juror #42 for employment reasons; (2) request funds to hire independent experts on DNA evidence, fingerprint analysis, and ballistics to testify on his behalf; (3) conduct a thorough investigation of the case by visiting the scene of his arrest; (4) utilize a certified translator to discuss the case and prepare a defense; and (5) file a proper motion to request community supervision as an option at sentencing.[30] After considering a detailed affidavit from Romero's trial attorney, Heather Hall, the state habeas corpus court rejected all of Romero's ineffective-

_____

[29]Appeared Juror Listing, Docket Entry No. 15-35, p. 61.

[30]Petition, Docket Entry No. 1, pp. 6-9.

assistance claims, concluding that he "failed to show that his trial counsel's representation was constitutionally deficient."[31]

As the state habeas corpus court correctly noted, claims for ineffective assistance of counsel are governed by the standard found in Strickland v. Washington, 104 S. Ct. 2052 (1984). To prevail under the Strickland standard a defendant must demonstrate (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. Id. at 2064. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Id.

"To satisfy the deficient performance prong, 'the defendant must show that counsel's representation fell below an objective standard of reasonableness.'" Hoffman v. Cain, 752 F.3d 430, 440 (5th Cir. 2014) (quoting Strickland, 104 S. Ct. at 2064), cert. denied, 135 S. Ct. 1160 (2015). This is a "highly deferential" inquiry; "[t]here is 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Id. (quoting Strickland, 104 S. Ct. at 2065).

To satisfy the prejudice prong "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

---

[31]Findings and Conclusions, Docket Entry No. 15-35, p. 81 (citing Strickland v. Washington, 104 S. Ct. 2052 (1984)).

different." Strickland, 466 U.S. at 694. A habeas petitioner must "affirmatively prove prejudice." Id. at 693. A petitioner cannot satisfy the second prong of Strickland with mere speculation and conjecture. See Bradford v. Whitley, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to demonstrate either deficient performance or actual prejudice. See Day v. Quarterman, 566 F.3d 527, 540-41 (5th Cir. 2009); see also Lincecum v. Collins, 958 F.2d 1271, 1279-80 (5th Cir. 1992) (stating that an ineffectiveness claim based on speculation or conclusional rhetoric will not warrant relief).

Because the petitioner's ineffective-assistance claims were rejected by the state court, the issue is not whether this court "'believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable — a substantially higher threshold.'" Knowles v. Mirzayance, 129 S. Ct. 1411, 1420 (2009) (quotation omitted). In addition, "because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." Id. When applied in tandem with the highly deferential standard found in 28 U.S.C. § 2254(d), review of ineffective-assistance claims is "doubly deferential" on habeas corpus review. Id. at 1413; see also Richter, 131 S. Ct. at 788 (emphasizing that the standards created by Strickland and § 2254(d) are both "highly deferential," and "'doubly' so" when applied in tandem) (citations and quotations

-12-

omitted); Beatty v. Stephens, 759 F.3d 455, 463 (5th Cir. 2014) (same). None of Romero's allegations merit relief under this deferential standard.

### 1. Failure to Object

Romero contends that his defense counsel was deficient for failing to properly object and preserve error when the trial court "sua sponte" excused prospective juror #42 for "employment reasons."[32] The state habeas corpus court found that defense counsel did, in fact, object to the discretionary dismissal of prospective juror #42, who was ultimately struck pursuant to a peremptory challenge by the state.[33]

This claim fails because Romero's underlying contention that the trial court erred by excusing prospective juror #42 lacks merit. Romero does not demonstrate that the trial court erred in any way or that his defense counsel had, but failed to make, a valid objection. Under these circumstances Romero has not shown that his defense counsel was deficient or that the state habeas corpus court's decision was unreasonable. See Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite."). Therefore, Romero is not entitled to relief on this claim.

---

[32]Petition, Docket Entry No. 1, p. 6.

[33]Findings and Conclusions, Docket Entry No. 15-35, p. 79.

2.   <u>Failure to Hire Experts</u>

Romero contends that his defense counsel was deficient for failing to request funds to hire independent experts on DNA evidence, fingerprint analysis, and ballistics to testify on his behalf at trial.[34]   In response to these allegations Romero's defense counsel explained in her affidavit to the state habeas corpus court that she did not request additional DNA testing or funds to hire experts in these areas for strategic reasons.[35] Rather than pursue additional testing or retain independent experts, defense counsel elected to counter the state's DNA and fingerprint experts through cross-examination.[36]   She specifically decided to pursue this strategy and not request additional DNA testing or hire a DNA expert because, after consulting with several experts, she learned that the test results obtained by the state were weak and that the evidence had been cross-contaminated.[37]   She did not hire a ballistics expert because Romero used his firearm to strike, not shoot, the victim, making ballistics evidence irrelevant.[38]   Defense counsel also did not want to put more focus

---

[34]Petition, Docket Entry No. 1, pp. 7, 8.

[35]Affidavit of Heather Hall ("Hall Affidavit"), Docket Entry No. 15-35, pp. 52, 54.

[36]<u>Id.</u>

[37]<u>Id.</u> at 52.

[38]<u>Id.</u> at 54.

on the firearm and its "potential effects."[39]   The state habeas corpus court concluded that Hall's strategic decisions were "reasonable" and that Romero failed to show that "no competent attorney would have made the same choices."[40]

Romero does not demonstrate that his counsel's failure to hire expert witnesses or present expert testimony at trial was deficient.   "Claims of uncalled witnesses are disfavored, especially if the claim is unsupported by evidence indicating the witnesses's willingness to testify and the substance of the proposed testimony."  Gregory v. Thaler, 601 F.3d 347, 352 (5th Cir. 2010) (citing Harrison v. Quarterman, 496 F.3d 419, 428 (5th Cir. 2007)).   A petitioner who alleges ineffective assistance of counsel based on the failure to call either a "lay or expert witness" must "name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense."  Day, 566 F.3d at 538 (citations omitted).   Absent a showing that a particular witness would have offered testimony favorable to the defense, the petitioner's claim is speculative and conclusory, and does not demonstrate either deficient performance or resulting prejudice on

---

[39]Id.

[40]Findings and Conclusions, Docket Entry No. 15-35, p. 81 (citing Strickland v. Washington, 104 S. Ct. 2052 (1984)).

his trial counsel's part.  See <u>Sayre v. Anderson</u>, 238 F.3d 631, 636 (5th Cir. 2001).

Romero does not identify any particular witness that his defense counsel could have called or allege facts showing how their testimony would have helped his defense.  Romero's conclusory allegations do not overcome the strong presumption that his defense counsel's chosen trial strategy was reasonable and do not establish deficient performance.  See <u>Strickland</u>, 104 S. Ct. at 2065.  Absent a showing of deficient performance and actual prejudice as the result of his defense counsel's strategic decisions, Romero fails to show that he was denied effective assistance of counsel or that the state court's decision to reject this claim was unreasonable. Accordingly, Romero is not entitled to relief on this claim.

### 3.  Failure to Conduct an Adequate Investigation

Romero contends that his defense counsel was deficient for failing to conduct a thorough investigation of the case by visiting the scene of his arrest.[41]  As a result, Romero claims that his defense counsel mischaracterized the area where he was taken into custody by police.[42]  In response to this allegation, defense counsel explained that she personally visited the scene multiple times before the trial and knew the area well because it was near

---

[41]Petition, Docket Entry No. 1, p. 7.

[42]<u>Id.</u>

her office, the courthouse, and businesses that she frequented.[43] Crediting defense counsel's explanation, the state habeas corpus court found that defense counsel visited the crime scene multiple times and observed that her characterization of the location where Romero was found hiding in an area with heavy brush was not inaccurate or inconsistent with other evidence.[44]

Romero has not offered any evidence to contradict his defense counsel's assertions, and his pleadings are insufficient to rebut the state habeas corpus court's findings of fact, which are presumed correct under 28 U.S.C. § 2254(e)(1). The record of Romero's trial, which shows that defense counsel was prepared and presented a coherent strategy, supports the state habeas corpus court's findings. Romero has not otherwise alleged facts showing what additional investigation would have revealed and how it would have changed the outcome of his trial; therefore, he does not establish deficient performance or actual prejudice. See Miller v. Dretke, 420 F.3d 356, 361 (5th Cir. 2005). Because Romero does not demonstrate that his counsel was ineffective for failing to conduct an adequate investigation, he does not show that the state court's decision was unreasonable, and he is not entitled to relief on this claim.

---

[43]Hall Affidavit, Docket Entry No. 15-35, p. 53.

[44]Findings and Conclusions, Docket Entry No. 15-35, p. 79.

4. Failure to Use a Certified Translator

Romero, who is from Honduras, contends that his trial counsel was deficient for failing to utilize a certified translator to discuss the case and prepare a defense because she only spoke "Tex-Mex Spanish," which he found difficult to understand.[45]

In her affidavit to the state habeas corpus court defense counsel responded that a translator was not necessary because she spoke Spanish fluently and had done so from an early age because she was raised in a multi-lingual home on the South Texas border with Mexico.[46] Defense counsel noted that she had extensive discussions with Romero, who never indicated that he did not understand, and there was no indication that an interpreter was needed.[47] Defense counsel noted further that she employed a native Spanish speaker as an assistant at her office who would have helped if a translator was needed.[48]

The state habeas corpus court found that defense counsel was able to effectively communicate with Romero in Spanish and that Romero never indicated that he did not understand any of their conversations or the courtroom proceedings such that an interpreter

_____

[45]Petition, Docket Entry No. 1, pp. 8-9.

[46]Hall Affidavit, Docket Entry No. 15-35, p. 55.

[47]Id. at 55-56.

[48]Id. at 55.

was required.[49]  Because Romero has not offered any evidence to the contrary, the state habeas corpus court's findings of fact are presumed correct under 28 U.S.C. § 2254(e)(1).  Romero does not otherwise allege specific facts demonstrating how his defense was hampered by any language barrier or the lack of a translator.  His conclusory allegations of ineffectiveness are insufficient to demonstrate deficient performance or actual prejudice.  See Day, 566 F.3d at 540-41.  Because Romero does not demonstrate that he was denied effective assistance of counsel in the preparation or presentation of his defense, he does not show that the state court's decision was unreasonable, and he is not entitled to relief on this claim.

### 5.  Failure to Request Community Supervision

Romero contends that his defense counsel was deficient for failing to file a sworn motion with a signed affidavit from him asking the jury to consider community supervision as an option at sentencing.[50]  The record confirms that a request for community supervision was made, but that the affidavit in support of that request was not sworn to or signed by Romero.[51]

In Texas a defendant is eligible to have the jury recommend community supervision only if, before the trial begins, the

---

[49]Findings and Conclusions, Docket Entry No. 15-35, p. 80.

[50]Petition, Docket Entry No. 1, p. 9.

[51]Application for Community Supervision From the Jury, Docket Entry No. 15-3, pp. 26-28.

-19-

defendant files a sworn written motion with the court indicating that he has not previously been convicted of a felony, and the jury, in its verdict, finds that the information in the defendant's motion is true. See Tex. Code Crim. Proc. Ann. art. 42.12, § 4(e) re-codified at Tex. Code Crim. Proc. art. 42A.055(b) (West Supp. 2016). Defense counsel responded that a timely request for community supervision was made and accepted by the trial court, but that the request ultimately had no bearing because community supervision was not available in Romero's case.[52] The record reflects that defense counsel filed a request for community supervision on Romero's behalf, without a signed affidavit swearing that he had no prior felony convictions, before the state filed its notice of intent to enhance the indictment for purposes of punishment with allegations that Romero had at least two previous convictions that qualified as felony offenses.[53] Likewise, a defendant is not eligible for community supervision based on a jury's recommendation if he is sentenced to a term of imprisonment in excess of ten years. See id. art. 42.12 § 4(d)(1) recodified at Tex. Code Crim. Proc. art. 42A.056(1) (West Supp. 2016).

The state habeas corpus court rejected Romero's claim, noting that any deficiency in counsel's failure to file a sworn motion was

---

[52]Hall Affidavit, Docket Entry No. 15-35, p. 56.

[53]See Application for Community Supervision From the Jury, Docket Entry No. 15-3, pp. 26-28 (filed on May 3, 2013); Notice of Enhancement, Docket Entry No. 15-5, p. 39 (filed on February 10, 2014).

"inconsequential" because Romero had a prior felony conviction and he was sentenced by the jury to a term exceeding ten years' imprisonment, which excluded him from eligibility for community supervision.[54] The state court's fact findings are supported by the record and, because they are uncontradicted by Romero, presumed correct. See 28 U.S.C. § 2254(e)(1). Romero does not demonstrate that he was eligible for community supervision or that, but for his defense counsel's failure to make a proper request, the result of his sentencing proceeding would have been different. Accordingly, he does not establish that actual prejudice resulted from the error, if any, by his counsel. Romero does not otherwise show that the state court's decision was unreasonable or wrong, and he is not entitled to relief on this claim.

## C. Ineffective Assistance of Counsel on Appeal

Finally, Romero contends that he was denied effective assistance of counsel on appeal because his attorney raised only one ground, which had not been preserved for review and was "patently frivolous[.]"[55] Noting that he failed to propose any additional points of error that could have been raised, the state habeas corpus court concluded that Romero failed to establish that

---

[54]Findings and Conclusions, Docket Entry No. 15-35, pp. 80, 81 (citing Tex. Code Crim. Proc. Ann. art. 42.12, § 4 (West Supp. 2016)).

[55]Petition, Docket Entry No. 1, pp. 10, 11.

his appellate counsel was deficient or that he was prejudiced in any way.[56]

To establish that appellate counsel's performance was deficient under the <u>Strickland</u> standard, the defendant must show that his attorney was objectively unreasonable in failing to find arguable issues to appeal — that is, that counsel unreasonably failed to discover non-frivolous issues and raise them. <u>Smith v. Robbins</u>, 120 S. Ct. 746, 764 (2000). If the defendant succeeds in such a showing, then he must establish actual prejudice by demonstrating a "reasonable probability" that, but for his counsel's deficient performance, "he would have prevailed on his appeal." <u>Id.</u>

Romero does not allege facts showing that his appellate attorney had any other meritorious ground for relief to assert on direct appeal. Nor does he demonstrate that the result of his appeal would have been any different if his attorney had raised any particular issue. Romero's conclusory allegations are insufficient to demonstrate either deficient performance or actual prejudice and do not articulate a valid claim for relief. <u>See</u> <u>Day</u>, 566 F.3d at 540-41. Because Romero has failed to establish a valid claim for relief, Respondent's MSJ will be granted and the Petition will be denied.

---

[56]Findings and Conclusions, Docket Entry No. 15-35, pp. 80, 81.

## IV.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.  A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)).  Under the controlling standard this requires a petitioner to show "'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'" Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003).  Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).  After

careful review of the pleadings and the applicable law, the court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong. Because the petitioner does not demonstrate that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

### V. Conclusion and Order

The court **ORDERS** as follows:

1.  Respondent's Motion for Summary Judgment (Docket Entry No. 14) is **GRANTED**.

2.  Frelin Armando Romero's Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DENIED**, and this action will be dismissed with prejudice.

3.  A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 14th day of September, 2017.

SIM LAKE
UNITED STATES DISTRICT JUDGE